UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PATRICIA ALEJANDRA RONDON HERNANDEZ<br><br>VS.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL. | CIVIL ACTION NO. 25-1618<br><br>SECTION P<br><br>JUDGE JERRY EDWARDS, JR.<br><br>MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Petitioner Patricia Alejandra Rondon Hernandez,[1] who was previously in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2] For reasons below, the Court should dismiss her petition as moot.

## Background

Petitioner is a citizen of Venezuela. [doc. # 1-2, p. 4]. She entered the United States on or about January 21, 2025. [doc. # 1-2, p. 4]. She was taken into immigration custody on January 26, 2025. [doc. # 1, p. 6]. She was ordered removed from the United States on February 21, 2025. Id. The same day, a DHS asylum officer determined it was more likely than not that

---

[1] Petitioner's "A-Number" is 231432548.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

1

Petitioner would be tortured in Venezuela. [doc. # 1-3, p. 1]. She did not appeal to the Board of Immigration Appeals. [doc. # 1, p. 6].

Petitioner filed the instant Petition on October 23, 2025. [doc. # 1, p. 10]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she primarily claimed that she had been detained beyond the removal period authorized by statute and that ICE was not likely to remove her in the near future. *Id.* at 8.

Petitioner sought immediate release from custody. [doc. # 1, p. 9]. Petitioner, however, has been released from custody. [doc. #s 25, 26]. She was removed from the United States to Mexico. *Id.*

## Law and Analysis

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is moot when a petitioner achieves the precise relief she requested. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526

(2020).  Courts are "obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Petitioner sought release from custody.  Petitioner was released from custody when she was removed from the United States.  As she is no longer subject to the detention she challenges, her Petition is moot.  *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).  The undersigned acknowledges that Petitioner filed a change of address subsequent to her removal and asked for the Court's "protection," raising concerns that she was deported to Mexico without financial resources or her passport.  [doc. #25].  However, the Court has no authority to address her requests, as her Petition is now moot.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Patricia Alejandra Rondon Hernandez's Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of January, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge